**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4261**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BENJAMIN LEE KEZIAH,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:08-cr-00058-MR-1)

Submitted:  October 29, 2009          Decided:  November 9, 2009

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph L. Ledford, JOSEPH L. LEDFORD, Charlotte, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Keziah pleaded guilty to possession of child pornography, in violation of 18 U.S.C.A. § 2252(a)(4)(B) (West 2009), and two counts of receiving child pornography, in violation of 18 U.S.C.A. § 2252(a)(2) (West 2009). The district court sentenced Keziah to 151 months of imprisonment and he now appeals. Finding no error, we affirm.

Keziah argues that the district court's sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009), petition for cert. filed (U.S. July 24, 2009) (No. 09-5584). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 128 S. Ct. at 597. This court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 129 S. Ct. 476 (2008). "Substantive reasonableness review

2

entails taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 128 S. Ct. at 597). If the sentence is within the guidelines range, we apply a presumption of reasonableness. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and find that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory guidelines range, considered the 18 U.S.C. § 3553(a) factors, and provided an adequate explanation of its chosen sentence. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009). In addition, Keziah has failed to rebut the presumption of substantive reasonableness we accord to his within-guidelines sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3